[No. 30096. Department Two. March 20, 1947.]

R. A. LEWELLEN, *Appellant*, v. THE COMMISSIONER OF PUBLIC LANDS *et al.*, *Respondents*.

FRED FRIEDLANDER, *Appellant*, v. THE COMMISSIONER OF PUBLIC LANDS, *Respondent*.[1]

*Theodore B. Bruener,* for appellants.

*The Attorney General* and *Stanbery Foster, Assistant,* for respondents.

MALLERY, C. J.—These cases come to us together upon appeal from a judgment of dismissal. Their similarity makes it necessary to discuss the facts of only one to explain our decision.

On December 4, 1945, a public auction of timber on state school lands was regularly held in Cowlitz county. At that time, the office of price administration maximum price regulation No. 460 was in force and was binding upon the state.

[1]Reported in 178 P. (2d) 958.

See *Case v. Bowles*, 327 U. S. 92, 90 L. Ed. (Adv. Op.) 398, 66 S. Ct. 438. This prohibited any sale of timber above the ceiling price. On the other hand, our state constitution, Art. XVI, § 2, prohibited the sale of such timber except at public auction to the highest bidder. Thus, any bid above the ceiling price would fall under the ban of the office of price administration maximum price regulation, while at the same time, if such a bid was made, any lower bid, at or below the ceiling price, would fall under the ban of our constitutional provision prohibiting a sale to anyone but the highest bidder.

In the Lewellen case, the office of price administration ceiling price was computed at $48,684.43. Lewellen made his bid in this amount. Taylor Brothers, however, made a bid of $49,000.

This action was brought to compel a sale to Lewellen at the office of price administration ceiling price notwithstanding the Taylor Brothers' higher bid. From a judgment of dismissal, this appeal was taken.

The lower court must be affirmed because of our constitutional provision, Art. XVI, § 2.

The appellants make the following contention:

"During the life of maximum price regulation No. 460 of the Office of Price Administration such regulations *must be read into and they become part of the constitution and statute of the State of Washington* above set out. So construed *the constitution and the statute mean the highest legal bidder.*" (Italics ours.)

They then go on to contend that the highest legal bid is the amount of the ceiling price, and that any higher bid is "illegal" and hence may not be considered for any purpose because it is a nullity.

In support of this contention, they use the following analogy and citation:

"Now if private timber was sold on execution by the sheriff, the provisions of O. P. A. regulation No. 460 would apply, and the sheriff would not be authorized to sell the timber for more than the ceiling price, even though there was an over the ceiling bid. It certainly could not be successfully contended by the judgment debtor, as the owner

of the timber, that the sale to a ceiling bidder was invalid because not made to the highest bidder, where there was an over the ceiling bid. Otherwise, the judgment creditor would be deprived of his right to enforce his judgment during the life of the O. P. A. regulations by the simple expedient of a third person making an over the ceiling bid. *Hulbert and Bowles, Administrator vs. Twin Falls County, Idaho,* U. S. Sup. Ct., Law Ed. Adv. Op., No. 8, p. 404."

Their citation does not support the analogy. That case holds that the maximum price regulation does apply to counties as well as states.

█ It is true that a higher-than-ceiling bid could not be accepted by the state, but that does not make the bid a nullity. Nor does it follow that, because a sale at above the ceiling price would be illegal, it was illegal to make a bid that could not be accepted because it was over the ceiling. It is legal for the bidder to bid what he pleases, but the commissioner of public lands could only confirm a sale that conformed to the requirements of both the state constitution and the office of price administration maximum price regulation. Had the sale been made to the appellants by the commissioner of public lands and the matter then brought before us, we would have been constrained to set it aside because it would have been in violation of the constitution.

█ It is elementary that the regularity of the preliminary steps taken to effect a sale of state timber cannot be held to justify a sale ultimately illegal. All of appellants' contentions as to the lack of discretion on the part of the commissioner of public lands and the regularity of the preliminary steps can avail appellants nothing.

We will not require the commissioner to make a sale in violation of the constitution.

The judgment is affirmed.

STEINERT, ROBINSON, JEFFERS, and HILL, JJ., concur.